JAN 1 1 2021

Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
 DISTRICT OF MONTANA
  MISSOULA DIVISION

STEPHEN P. KELLY,
General Delivery,
Kalispell, MT 59901,
  Plaintiff,

VS.

IMAGINEIF LIBRARY ENTITY, a
county Library facility, CONNIE
BEHE, in her official capacity,
FLATHEAD COUNTY, a Local Montana
governance, and JANE DOE/A.K.A/
KELLY, in her official capacity,
247 1st Ave., E. Kalispell, MT 59901,
  Defendant(s).

(1)

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

Comes now the Plaintiff in
the above styled action and does
show cause for complaint as
follows:

(1) This is an action sustained
by, STEPHEN P. KELLY, hereinafter,
Plaintiff, KELLY, and sues the
defendant's jointly, the
IMAGINEIF LIBRARY ENTITY, a
county library facility, CONNIE
BEHE, in her official capacity,
FLATHEAD COUNTY, a local
montana governance, and JANE
DOE/A.K.A./KELLY, in her official
capacity, alleging:

(a) Diliberate indifference
to an immediate medial
need, (b) discrimination upon
the medical aspects/asthma,
and COPD), (c) unconstitutional
enforcement of inner-office
mask mandate, and (d) viol-
-ation of civil rights.
(2)

PARTIES

(2) Plaintiff, STEPHEN P. KELLY, is a current library patron of the official library entity, defendant, IMAGINEIF Library facility, located within the confines of Flathead county Montana.

(3) Primary defendant, IMAGINEIF Library entity, exists as a county owned Library facility, governed per Flathead county Montana,

(4) Individual defendant, CONNIE BEHE, acts in her official capacity as primary Library director, and acts under the governance of Flathead county Montana,

(5) Individual defendant, JANE DOE/A.K.A/KELLY, acts in her official capacity as an inner-office personnel of the official IMAGINEIF Library entity, and is employed

under the authority of Flathead county as such.

(6) Governmental defendant, Flathead county exists as a local Montana government, and employ's joint defendant's, IMAGINEIF LIBRARY ENTITY, CONNIE BEHE, as library director, and JANE DOE/A.K.A. KELLY, as an inner-office library personnel, all acting in their official capacities.

## NATURE OF THE CASE

(7) At issue in fact exists a widespread unconstitutional mask mandate created solely at the hands of defendant's library director, CONNIE BEHE, subject to arbitrary enforcement and improperly enacted by the county attorney, and library board of directors, without the authority of the elected county commission.

(4)

(8) This concise case is predicated upon 42 U.S.C. § 1983.

(9) Pursuant to 42 U.S.C. § 1983, county attorney's, prosecutor's, and Judges, in fact obtain absolute immunity to suit under 1983.

(10) Person's such as defendant's, BEHE, POE/A.K.A. KELLY, and the governed IMAGINEIF LIBRARY ENTITY, all are Libel under 1983, in federal court.

(11) Further, at issue in fact exists a clear constitutional protection, where a city, county, and or any Local government, cannot force a citizen to surrender one constitutional right in which to assert another!

RELATED CASES

(12) In Florida, Plaintiff party, Joseph Bracciale in fact sued,

( 5 )

Litigated upon the city of Key West upon the same exact aspects as KELLY here! (See copy attached).

(13) In the event that a (mask mandate), is in fact unconstitutional in Florida, then despite the concise state at which such case rose, it is also unconstitutional within the confines of any state as such!

JURISDICTION AND VENUE

(14) This court obtains jurisdiction over this case pursuant to 42 U.S.C. § 1983.

(15) Diliberate indifference further rises as federal court jurisdiction.

(16) Plaintiff, STEPHEN P. KELLY, is a resident of the state of Montana, and has resided in

(6)

Montana at all times material to this action.

(17) Entity defendant, IMAGINEIF LIBRARY facility, exists as a governmental entity, acting under the governance of Flathead county Montana, and its principal place of business exists in the State of Montana, and has existed in Montana at all times material to this action.

(18) Individual defendant, CONNIE BEHE, resides within the state of Montana, and has resided in Montana at all times material to this action.

(19) Individual defendant, JANE DOE/A.K.A./KELLY, resides in the State of Montana, and has resided in Montana at all times material to this action.

(20) Governmental defendant, FLATHEAD COUNTY, exists as a county government, under the

paramount authority of the
State of Montana.

(21) Venue is proper in the
district of Montana, because
each event giving rise to
this action accrued in the
district of Montana. 28 U.S.C. § 1391.


STATEMENT OF FACTS

(22) commencing on october,
14th, 2020, and further occuring,
upon the concise dates of, oct, 15th,
oct, 16th, oct, 20th, oct, 22nd, oct,
26th, and 28th, 2020, and, further
rises on November, 4th, 2020, Nov, 5th,
Nov, 8th, Nov, 10th, Nov, 12th, and
each and every day, and concise
dates all of the wg through the
entire month of November, 2020,
until the conclusion of November,
on the concise date of November,
29th, 2020., the most discrimatory
event's rose upon the medical
aspects, where Plaintiff, KELLY
was in fact forced to place upon
a mask, severely affecting

(8)

his, (a) asthma, and (b) COPD, violated at the hands of defendant's, BEHE, and JANE DOE/A.K.A/KELLY!

(23) Pursuant to these patterned and continuous acts per defendant's, BEHE, and POE/A.K.A./KELLY, a clear diliberate indifference rises here!

(24) Plaintiff, KELLY's breathing capacity is severly affected per the Library, and its staff's inner-office (mask policy)!!

(25) Joint defendant's, BEHE and DOE/A.K.A./KELLY, including each and every Librarian within the confines of defendant's Library facility, at the sole direction of Library director, CONNIE BEHE, obtains a further unconstitutional policy where any patron whom which does not desire to place a mask upon their face, is forced to remain outside the confines

(9)

of the library facility, and
utilize an issued laptop
computer device outside and
external to the usual and
standard library facility, in
extreme cold weather conditions,
yet under 1983, a city, county,
or local government is prohibited
from forcing a citizen to
surrender one constitutional
right in which to assert
another!

(26) If Joseph Bracciale can
prevail in Florida as to a mask
policy existing as unconstitut-
-ional, then despite the
governed state at which the
case rose, Plaintiff, Kelly can
in fact equally prevail upon
the same exact merits.

(27) Flathead county is in fact
named as a joint defendant,
within this concise civil
complaint, where the county
attorney, Travis R. Ahner,
condones and ratifies defendant

(10)

BEHE'S, inner-Library policy,
custom, and practice, and
refuses with clear intent to
remove the unconstitutional
mask mandate created solely
per BEHE, as Library director.
however, the county attorney
cannot be sued in his official
capacity under 1983, in federal
court, where 1983, provides that
Judges and prosecutor's, such as
county attorney's, obtain absolute
immunity to suit under 1983.

(28) The Library board of directors,
also adopts and condones defendant
BEHE'S, inner-office mask
policy, as the IMAGINEIF LIBRARY
entity, is in fact properly
named as joint defendant'S as
such.

(29) Plaintiff, KELLY'S oxygen
level has in fact became
excessively low at the isolated
cause of defendant's mask
policy, enforced at the
hands of defendant's, BEHE, and

(11)

her immediate assistant,
defendant, DOE/A.K.A/KELLY.

(30) Plaintiff, KELLY in fact
obtains suitable legal
standing in this concise
case, and obtains a plausible,
and cognizable claim, where
upon all dates quoted above,
defendant's, BEHE, and DOE,
forced Plaintiff, KELLY to
place a non-ventilated mask
upon his face covering the
entire face area of KELLY!


CLAIM ONE

(31) A county entities mask
policy, custom, and practice exists
as most unconstitutional,
based upon a clear (diliberate
indifference), to an immed-
-iate medical need, sufficing
asthma and COPD.

(12)

## CLAIM TWO

(32) Joint Library defendant's, obtain a severe unconstitutional policy, custom, and practice, where a patron is forced to await outside the confines of the official Library facility, upon the patrons refusal to place upon a mask, however, supported under 42 u.s.c. § 1983, a citizen cannot be forced by the government, local/county, state, or federal, in which to surrender one constitutional right in which to assert another.

## INJURY

(33) Plaintiff, suffers continuous injury and damages caused and brought upon per joint defendant's, where to date, current, and even prior, Plaintiff's oxygen level is

(13)

excessively low, and each and
every time at which defendant's
force plaintiff, to place
upon a mask merely in which
to utilize the public library
facility, his breathing
capacity becomes low!

WHEREFORE, upon the premises
considered, it is respectfully
requested upon this honorable
court the entry of a
judgment as follows:

(a) enter declaratory judgment
finding that joint defendant's,
inner-office mask custom,
practice and policy, does
in fact rise as unconstit-
-utional.

(b) enjoin joint defendant's,
from continuing to enforce
the unconstitutional mask
mandate.

(14)

(c) non-jury demand.

(d) magistrate judge trial requested.

I declare under the penalty of perjury the foregoing to be true and correct.

Signed this 4th day of January, 2021.

_Stephen P. Kee_

(SIGNATURE OF PLAINTIFF)

(15)