IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN P. KELLY, | CV 21-6-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| IMAGINEIF LIBRARY ENTITY, a county library facility; CONNIE BEHE, in her official capacity; FLATHEAD COUNTY, a local Montana governance, and; JANE DOE/A.K.A. KELLY, in her official capacity, 247 1st Ave. E., Kalispell, MT 59901. | |
| Defendants, | |

On January 11, 2021, pro se Plaintiff Stephen P. Kelly ("Kelly") filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a Complaint against the above-named Defendants under 42 U.S.C. § 1983, challenging the constitutionality of COVID-19-related face mask requirements imposed at the ImagineIF Library in Kalispell, Montana. (Doc. 2). Kelly has also filed a Motion for Preliminary Judgment (Doc. 4), a Motion for Urgent Hearing and Oral Arguments (Doc. 5), a Motion to Compel (Doc. 6), and a Motion to Direct Service of the Complaint (Doc. 7).

1

## I.       Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On January 11, 2021, Kelly completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc.1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.       Screening Requirement

Because Kelly is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2).

In addition to the screening requirements of § 1915(e)(2), the Court has the inherent authority to review a pro se complaint to ensure that subject matter jurisdiction exists. *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 583 (1999).

### A.       Mootness

Mootness presents a jurisdictional issue. *Maldonado v. Lynch*, 786 F.3d 1155, 1160 (9th Cir. 2015). The doctrine of mootness derives from the case or controversy requirement in Article III of United States Constitution, and "requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 862 (9th Cir. 2017 (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). See also *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001). "Mootness turns on the ability of the district court to award effective relief," which means that any analysis of mootness must consider the remedies available to the plaintiff. *Bayer*, 861 F.3d at 862. If a case becomes moot, it must be dismissed for lack of subject matter jurisdiction. *Pitts*, 653 F.3d at 1086-87.

When considering subject matter jurisdiction, the court may review matters of public record. *Park v. National City Bank of Indiana*, 2014 WL 12564360, at *1 n. 2 (C.D. Cal. March 19, 2014) (citing *Gemtel Corp. v. Cmty. Redev. Agency of Los Angeles*, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994)). See also *Widad v. Brooklyn Public Library*, 2015 WL 7159796, at * n. 2 (E.D. N.Y. Nov. 13, 2015) (prescreening the pro se plaintiff's complaint under § 1915(e)(2) and taking

judicial notice of documents and information publicly available on the defendant's website when evaluating subject matter jurisdiction).

### B.    Failure to State a Claim

Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.," *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. See *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9ht Cir. 2014).

### C.    Pro Se Pleadings

Where, as here, the plaintiff is proceeding pro se, the court has an obligation

"to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be given leave to amend unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). If it clear that the complaint's deficiencies cannot be cured by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

### III.    Kelly's Allegations

As Kelly explains it, this case arises out of "a widespread unconstitutional mask mandate created solely at the hand of defendant's [sic] library director, Connie Behe, subject to arbitrary enforcement and improperly enacted by the county attorney, and library board of director's [sic], without the authority of the elected county commission." (Doc. 2, at 4).

Kelly states that he visited the ImagineIF Library several times in October and November 2020. (Doc. 2, at 8). He claims that he was forced to wear a mask each time he visited the library, which lowered his oxygen levels and severely affected his asthma and chronic obstructive pulmonary disease (COPD). (Doc. 2, at 8-9, 11). Kelly alleges that Behe and other librarians, including Defendant Jane Doe, enforce and "obtain an unconstitutional policy where any patron whom which does not desire to place a mask upon their face, is forced to remain outside the confines of the library facility, and utilize an issued laptop computer device outside and external to the usual standard library facility, in extreme cold weather conditions." (Doc. 2, at 9-10).

Based on these alleged facts, Kelly identifies two claims for relief pursuant to 42 U.S.C. § 1983. First, he alleges that "a county entitie's [sic] mask policy, custom, and practice exists as most unconstitutional, based upon a clear deliberate indifference to an immediate medical need, sufficing asthma and COPD." (Doc. 2, at 12). Second, Kelly alleges the "library defendant's [sic]" policy of forcing patrons to wait outside "upon the patrons [sic] refusal to" wear a mask is unconstitutional. (Doc. 2, at 13).

## IV.   Analysis

As pled, it appears that Kelly's claims are moot and the Complaint should be

dismissed for lack of subject matter jurisdiction. Kelly brings this lawsuit in an

apparent attempt to challenge the constitutionality and enforcement of a COVID-

19-related policy requiring patrons at the ImagineIF Library to wear face masks.

On February 12, 2021, approximately one month after Kelly filed this

lawsuit, Governor Greg Gianforte lifted Montana's statewide mask mandate. See

Directive Implementing Executive Order 2-2021, publicly available at

https://covid19.mt.gov/Masks-And-Face-Coverings. In addition, information that is

publicly available on ImagineIF Library's website,

https://imaginiflibraries.org/updates/, demonstrates that the ImagineIf Library's

mask requirement was lifted effective May 3, 2021.

In his Complaint, Kelly seeks only declaratory and injunctive relief. He asks

the Court to enter a declaratory judgment finding that Defendants' mask policy is

unconstitutional. In addition, he requests injunctive relief enjoining Defendants

"from continuing to enforce the unconstitutional mask mandate." (Doc. 2, at 14).

Given the nature of the relief sought and the lifting of the mask requirement at

issue, Kelly's claims, as currently pled, are moot and subject matter jurisdiction is

lacking.

Even if Kelly's claims are not moot, the Complaint fails to state a claim for

relief. Kelly brings his claims pursuant to 42 U.S.C. § 1983, which "provides a

cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990). Thus, to state a claim under § 1983, "a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Even construing Kelly's allegations liberally, the Court is unable to identify what particular constitutional rights or federal statutes he believes are at issue. Because the Complaint does not identify what constitutional rights or federal statutes Defendants allegedly violated, Kelly fails to state a claim for relief under § 1983.

In addition, to the extent Kelly accuses Defendants of acting with deliberate indifference to his medical needs by enforcing the mask requirement in violation of some unspecified constitutional right (Doc. 2, at 2), he fails to state a claim for relief. While a prisoner may have a cognizable claim under § 1983 for deliberate indifference to serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Kelly is not incarcerated and cannot bring such a claim.

Even if Kelly can show cause why his claims are not moot and amends his complaint to allege a specific constitutional violation, it is not clear whether this action can survive the prescreening requirements of § 1915. As one court recently recognized when dismissing a similar challenge to a library's mask requirement at the prescreening stage, "there is no general constitutional right to wear, or to refuse to wear a face mask in public places," and "federal, state and local governments may govern what must worn in public spaces, particularly when the health and safety of the general public are at issue." *Whitfield v. Cuyahoga County Public Library Foundation*, 2021 WL 1964360, at * 2 (N.D. Ohio May 17, 2021). To the extent the plaintiff in *Whitfield* was "challenging a policy of the [defendant] requiring the use of masks inside the library" on various constitutional grounds, the court found that the plaintiff failed to state a claim for relief and dismissed the case pursuant to § 1915(e)(2). *Whitfield*, 2021 WL 1964360, at *3-4.

## V.   Conclusion

The Court has considered whether subject matter jurisdiction exists and whether Kelly Complaint's is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. See 28 U.S.C. §§ 1915(e)(2), 1915A. As explained above, Kelly has not met his burden of establishing subject matter jurisdiction and his allegations, as currently pled, are

insufficient to state a claim and should be dismissed. However, in light of Kelly's

pro se status, he will be given the opportunity to file an amended complaint and

show cause why his claims are not moot.

Kelly has also filed a Motion for Preliminary Judgment (Doc. 4), a Motion

for Urgent Hearing and Oral Arguments (Doc. 5), a Motion to Compel (Doc. 6),

and a Motion to Direct Service of the Complaint (Doc. 7). In light of the

jurisdictional and pleading deficiencies identified above, these motions are denied.

### A.   Possible Dismissal

If Kelly fails to timely comply with every provision of this Order, this case

may be dismissed. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)

(court may dismiss an action for failure to comply with any order of the court).

### B.   Address Change

At all times during the pendency of this action, Kelly must immediately

advise the Court of any change of address and its effective date. Failure to file a

notice of change of address may result in the dismissal of this action for failure to

prosecute under Federal Rule of Civil Procedure 41(b).

For the reasons discussed above, the Court enters the following:

### ORDER

IT IS ORDERED that Kelley's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on January 11, 2021.

IT IS FURTHER ORDERED that Kelly shall have until July 9, 2021, within which to file an amended complaint. To survive dismissal, the Amended Complaint must: (1) include specific factual allegations demonstrating why Kelly's claims should not be considered moot in light of the fact that the mask requirement he complains of is no longer in place, and (2) identify the specific constitutional rights or federal statutes at issue and otherwise include sufficient allegations to state a claim for relief under § 1983.

IT IS FURTHER ORDERED that Kelly's Motion for Urgent Hearing and Oral Arguments (Doc. 5), a Motion to Compel (Doc. 6), and Motion to Direct Service of the Complaint (Doc. 7) are DENIED. The Court will address Kelly's Motion for Preliminary Judgment (Doc. 4), if necessary, after Kelly amends his complaint.

DATED this 15th day of June, 2021

Kathleen L. DeSoto
United States Magistrate Judge

11

12