IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN P. KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>IMAGINEIF LIBRARY ENTITY, a county agency, and CONNIE BEHE, in her official capacity, 247 1st Ave. E., Kalispell, MT 59901,<br><br>Defendants. | CV 21–06–M–DLC<br><br><br><br>ORDER |

Before the Court is United States Magistrate Judge Kathleen L. Desoto's Findings and Recommendation. (Doc. 16.) Judge DeSoto recommends that Plaintiff Stephen P. Kelly's complaint be dismissed without prejudice for failure to state a claim and that this Court certify any appeal would not be taken in good faith. (*Id.* at 4–5.) Mr. Kelly objects. (Doc. 19.) The Court will adopt Judge DeSoto's recommendation in full.

## BACKGROUND

Mr. Kelly commenced this action on January 11, 2021 through the filing of a complaint and motion to proceed in forma pauperis. (Doc. 2.) This original complaint sought redress under 42 U.S.C. § 1983 for Defendants' allegedly unconstitutional actions in enforcing a mask mandate at a public library in

1

Kalispell, Montana. (*Id.*) The constitutional theory underlying this complaint was that Defendants, in enforcing the mask mandate: (1) had been deliberately indifferent to his medical needs; and (2) forced him to "surrender one constitutional right" at the expense of another. (*Id.* at 12–13.) This complaint sought purely declaratory and injunctive relief. (*Id.* at 14–15.)

In the following month, Mr. Kelly filed a motion for preliminary judgment (Doc. 4), a motion for urgent hearing and oral arguments (Doc. 5), motion to compel (Doc. 6), and motion to direct service of the complaint (Doc. 7). Then, on June 15, 2021, Judge DeSoto issued an order granting Mr. Kelly's motion to proceed in forma pauperis and outlining the pre-screening standard mandated by 28 U.S.C. § 1915(e)(2). (Doc. 9 at 2.) Judge DeSoto explained that because the mask mandate had been lifted and Mr. Kelly only sought declaratory and injunctive relief, his claims were likely moot. (*Id.* at 2–3, 6–7.) Judge DeSoto also added that even if they were not moot, Mr. Kelly had failed to state a constitutional claim for various reasons. (*Id.* at 7–9.) Based on the foregoing, Judge DeSoto afforded Mr. Kelly leave to file an amended complaint. (*Id.* at 11.)

Mr. Kelly then sought two extensions in which to file an amended complaint because he had separately contracted COVID-19 twice, requiring two different instances of hospitalization. (Docs. 10–13.) An amended complaint was finally filed on August 30, 2021. In his amended complaint, Mr. Kelly changed his

requested relief from injunctive and declaratory to monetary damages. (Doc. 14 at 7, 11.) This amended complaint advances three claims under 42 U.S.C. § 1983, alleging that, by enforcing the mask mandate, Defendants: (1) acted with deliberate indifference to his medical needs; (2) forced him to "surrender one constitutional right" at the expense of another; and (3) caused him "medical and respiratory breathing damages." (*Id.* at 9–10.)

Judge DeSoto then filed her findings and recommendation, recommending that Mr. Kelly's complaint be dismissed without prejudice along with a certification that any appeal would not be taken in good faith. (Doc. 16.) Specifically, Judge DeSoto explained, as she had in her previous order, that deliberate indifference claims are couched under the Eighth Amendment, which necessarily extends only to the incarcerated. (*Id.* at 4.) Judge DeSoto also found that besides this claim, Mr. Kelly had failed, despite being afforded leave to amend, to plausibly identify any constitutional right that had allegedly been violated by Defendants' enforcement of a mask mandate within a public library. (*Id.* at 4–5.)

Mr. Kelly timely filed his objections. (Doc. 19.) There, he agreed his deliberate indifference claim was improper and notified the Court that he was no longer bringing such a claim. (*Id.* at 19.) The remainder of Mr. Kelly's objections complain that Judge DeSoto failed to adjudicate his complaint within a reasonable

amount of time and reiterate vaguely that his constitutional rights were violated through the enforcement of a mask mandate within the public library. (*Id.* at 2–8.) Mr. Kelly also appears to argue that Rule 24 of the Federal Rules of Appellate Procedure is unconstitutional, to the extent it permits this Court to certify that an appeal is not taken in good faith. (*Id.* at 3–4, 7–8.)

## ANALYSIS

Under federal law, this Court may screen the complaint of a plaintiff proceeding in forma pauperis to ensure it is not frivolous or malicious, fails to state a claim upon which relief can be granted, or otherwise seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B). If any of the foregoing is true, then the Court must dismiss the case. *Id.* After reviewing Mr. Kelly's complaint, the Court agrees with Judge DeSoto that it fails to state a claim.

In order to state a claim, Mr. Kelly's complaint "must allege enough facts to state a claim to relief that is plausible on its face." *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). "A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Importantly, a dismissal for failure to state a claim "is essentially a ruling on a question of law" and "the purpose" of the inquiry is to examine "the legal sufficiency of the complaint." *North Star Intern v. Arizona Corp. Com'n*, 720 F.2d 578, 580–81 (9th Cir. 1983).

Because Mr. Kelly brings his action under § 1983, his complaint must plausibly allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West Atkins*, 487 U.S. 42, 48 (1988). He has failed to do so.

Specifically, the Court agrees with Judge DeSoto that Mr. Kelly's complaint does not plausibly allege the violation of "any specific viable constitutional rights or federal statutes" by the Defendants. (Doc. 16 at 4.) In his complaint and objections, Mr. Kelly continues to reiterate that Defendants, by enforcing a mask mandate, have unconstitutionally forced him to "surrender one constitutional right in which to assert another! obtain a face mask or depart the library facility!" (Docs. 14 at 10; 19 at 5.) The problem with this claim is that Mr. Kelly has not identified any specific constitutional rights he is being forced to give up or that has been otherwise violated.

As with Judge DeSoto, the Court finds no freestanding constitutional right to flout a mask mandate in public places during a global pandemic that has killed over 750,000 Americans. *Denis v. Ige*, 2021 WL 1911884, *8–13 (D. Haw. 2021) (holding that a plaintiff's "allegations do not raise a plausible claim that the Mask Mandates violate any of the constitutional amendments that he has cited"); *Hayes v. Oregon*, 2021 WL 374967, *4–7 (D. Or. 2021); *Whitfield v. Cuyahoga Cty Publ.*

*Lib. Found.*, 2021 WL 1964360 (N.D. Ohio 2021) ("there is no general constitutional right to wear, or to refuse to wear a face mask in public places"). This is fatal to Mr. Kelly's claim. In short, Mr. Kelly, despite repeated opportunities for amendment, has failed to include allegations in his complaint that plausibly establish the violation of a right secured under federal law. His complaint will be dismissed.

  As a final matter, the Court addresses Judge DeSoto's recommendation that this Court certify that any appeal by Mr. Kelly would not be taken in good faith. (Doc. 16 at 5.) Because Mr. Kelly is proceeding in forma pauperis, he cannot appeal if this Court "certifies in writing that it" would not be "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). Mr. Kelly challenges Judge DeSoto's recommendation regarding this certification, as unconstitutional, presumably because it is "an avenue in which to clearly (cover up its own error)!!" (Doc. 19 at 3.) The Court disagrees.

  Any burden federal law places on the right of an indigent civil litigant to appeal in forma pauperis is constitutional, because "proceeding in forma pauperis is a privilege not a right." *Glick v. Townsend*, 677 Fed. Appx. 323, 324 (9th Cir. 2017) (unpublished) (citing *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)). In other words, Mr. Kelly has no right, constitutional or otherwise, to appeal this matter in forma pauperis. Accordingly, no constitutional violation will flow from a

certification that an appeal would not be taken in good faith, i.e. that Mr. Kelly should not be permitted to appeal in forma pauperis.

Setting Mr. Kelly's constitutional argument aside, the Court agrees with Judge DeSoto that the requisite certification should issue in this case. Mr. Kelly's complaint fails to state a claim. The entire crux of his complaint is that his constitutional rights were violated when he was forced to leave a public library for refusing to wear a mask. As explained above, there was nothing unconstitutional about Defendants' actions, because Mr. Kelly does not enjoy a constitutional right to enter a public establishment, during a global pandemic, without having to wear a mask. In sum, Mr. Kelly's complaint is frivolous and any appeal from this Court's order dismissing the case would not be taken in good faith.

Accordingly, IT IS ORDERED that Judge DeSoto's findings and recommendation (Doc. 16) is ADOPTED in full.

IT IS FURTHER ORDERED that Mr. Kelly's complaint (Doc. 14) is DISMISSED without prejudice, for failure to state a claim.

IT IS FURTHER ORDERED that this Court CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B) that any appeal of this matter would not be taken in good faith.

IT IS FURTHER ORDERED that any pending motions are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment by separate document in Defendants' favor and close the case file.

DATED this 15th day of November, 2021.

_____
Dana L. Christensen, District Judge
United States District Court